IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |  |
|---|---|---|
| **Christopher Eugene Jefferson,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 1:15cv444 (GBL/MSN) | |
| ) | | |
| **Commonwealth of Virginia,** ) | | |
| Respondent. ) | | |

MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed pro se by Christopher Eugene Jefferson, a Virginia inmate. Petitioner challenges the constitutionality of his conviction of possession with intent to distribute more than 100 kilograms of cocaine in the Circuit Court for Spotsylvania County. After respondent moved to dismiss the petition, Jefferson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a response.[1] After careful consideration, respondent's Motion to Dismiss will be granted for the reasons that follow, and the petition will be dismissed, with prejudice.

I. Background

On August 27, 2012, following a bench trial, petitioner was convicted of possession with

---

[1] On June 9, 2015, petitioner filed a Motion to Continue in which he sought an extension of time to reply to the Motion to Dismiss. (Dkt. No. 14) Petitioner's request was granted in an Order entered June 16, 2015. (Dkt. No. 16) In the meantime, a duplicate of the Motion to Continue was docketed and remains pending. (Dkt. No. 15) As petitioner filed his reply to the Motion to Dismiss on July 15, 2015, the pending Motion to Continue will be denied, as moot.

1

intent to distribute more than 100 kilograms of cocaine. Case No. CR12-380. On December 10, 2012, he was sentenced to life in prison with all but a 20-year minimum mandatory term suspended. On the ensuing direct appeal, the facts underlying the conviction were described by the Court of Appeals of Virginia as follow:

> State police intercepted a suspicious shipment of freezers from California to a warehouse in Spotsylvania. The freezers contained over 100 kilograms of marijuana. [FN]
>
> > [FN] The certificate of analysis stated the total weight of marijuana was 184,731 grams or 407.17 pounds.
>
> Previously, nine large shipments had been made from the address in California to the warehouse in Spotsylvania. The police permitted delivery of the pallets where the defendant picked them up in his van. He was arrested shortly after leaving the warehouse.

Jefferson v. Commonwealth, R. No. 2171-12-2 (Va. Ct. App. Oct. 29, 2013), slip op. at 1. On the appeal, petitioner raised the sole claim that the trial judge erred in failing to strike the charge because petitioner was charged under the wrong section of the Virginia Criminal Code. A single judge affirmed the conviction, id., and a three-judge panel concurred with that determination on October 29, 2013. A petition for further review by the Supreme Court of Virginia was refused on April 1, 2014. Jefferson v. Commonwealth, R. No. 131713 (Va. Apr. 1, 2014).

Petitioner filed no application for state habeas corpus relief.

Instead, petitioner turned to the federal forum and timely filed this petition for a writ of habeas corpus on March 25, 2015.[2] On the face of the petition, he raises the following claims:

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner executed the petition on March 25, 2015. Pet. at 15.

1. The trial judge erred in failing to grant the motion to strike the charge.

2. Motion to strike the evidence (denied). The evidence was insufficient and should have been admissible. [sic]

3. Misleading statement on the appeal record. the Virginia Supreme Court denied the petition because of it.

4. Conflict of interest on behalf of the prosecution; acknowledged at trial.[3]

As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with a supporting brief, and petitioner has filed a reply. Accordingly, the matter is now ripe for disposition.

**II. Exhaustion and Procedural Bar**

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same

---

[3] Appended to the standardized form petition is an addendum in which petitioner appears to assert additional claims. They are handwritten and difficult to discern. In Ground One, petitioner reiterates claim 1 of the form petition as listed above. He then adds allegations that there was no proof that he possessed the marijuana (Ground Three), the prosecutor made contradictory statements at trial and sentencing (Ground Five), the evidence was insufficient (Ground Six), and the presentence report was inaccurate (Ground Seven). Ground Nine reiterates claim 3 of the form petition, and Grounds Two, Four and Eight are omitted. Because the only claim petitioner has exhausted in the state forum is Claim 1 of the form petition, it is unnecessary to attempt to clarify these additional arguments, as they are not federally cognizable.

factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). A federal habeas claim is exhausted only when both the same legal argument and the same supporting facts previously were presented to and ruled on by the highest state court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion is satisfied only where the "essential legal theories and factual allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "The procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Thus, an unexhausted claim that would be defaulted if presented in state court is deemed to be simultaneously exhausted and procedurally barred from federal review. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Pursuant to these principles, the sole claim of this petition which is federally cognizable is Claim 1, which is the only claim that has been scrutinized by the Supreme Court of Virginia. The remainder of petitioner's claims are simultaneously exhausted and defaulted because they are now barred from consideration by Virginia's habeas corpus statute of limitations, Va. Code § 8.01-654(A)(2). That provision allows a prisoner the later of two years from the date of his final

judgment of conviction or one year from the conclusion of his state appellate proceedings to file an application for habeas relief. Here, Jefferson's judgment of conviction was entered on December 10, 2012, more than two years ago, and his direct appeal concluded when the Virginia Supreme Court refused his petition for appeal on April 1, 2014, more than one year ago, so his return to the state forum with his unexhausted claims is precluded by Va. Code § 8.01-654(A)(2). That reason has been held to be an adequate and independent state law ground preventing federal habeas review of procedurally defaulted claims. See Sparrow v. Dir., Dep't of Corrections, 439 F.Supp. 2d 584, 587 (E. D. Va. 2006) (finding the limitations period of Va. Code §8.01-654(A)(2) to be adequate and independent). Therefore, all of the claims petitioner attempts to raise here with the exception of Claim 1 are simultaneously exhausted and procedurally defaulted. Bassette, 915 F.2d at 932.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In response to the Roseboro notice, Jefferson filed a lengthy reply to respondent's Motion to Dismiss. (Dkt. No. 19) Most of the discussion he presents is taken up with arguing the merits

of the various claims he wishes to present. While he captions one portion of his discussion "Procedurally Defaulted Claims," the substance of the ensuing discussion again focuses on the merits of the claims and petitioner's belief that the prosecution was overly zealous in his case. (Id. at pp. 44-47) At one point Jefferson asserts that his conviction represents a fundamental miscarriage of justice (id. at p. 43), but he provides no coherent explanation of the reason he believes that to be true. The Fourth Circuit recognizes a fundamental miscarriage of justice to be a narrow exception to the cause requirement, "where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004). If petitioner in referring to a fundamental miscarriage of justice intends to suggest that his unexhausted claims should be considered because he is actually innocent of the offense of which he stands convicted, he has fallen far short of making such a showing. In the context of procedural default of federal habeas claims, a gateway claim of actual innocence requires a petitioner to show "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schulp v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Petitioner here has failed to do so, and no fundamental miscarriage of justice will occur as the result of the procedural defaults at issue.

Lastly, it is noted that petitioner at one point takes issue with the respondent's reliance on procedural default by asserting that he "did file a **state** habeas corpus petition pursuant to 28 U.S.C. § 2254 ...." (Dkt. No. 19 at 2, emphasis added) In an abundance of caution, the Case Status and Information Website of the Virginia courts has been consulted, and it reflects no habeas corpus application filed by petitioner in either the Circuit Court for Spotsylvania County

or the Supreme Court of Virginia. It thus appears that petitioner's internally inconsistent statement in fact refers to the filing of the instant application for federal habeas relief pursuant to § 2254.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In his sole properly-exhausted claim, petitioner argues that the trial judge erred in denying a motion to strike because the charge was brought under the wrong Virginia criminal statute. So stated, petitioner makes no argument that is cognizable on federal habeas review because it concerns only a matter of state law. "A state prisoner is entitled to relief under § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas review under § 2254. Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985)). On direct appeal, the Court of Appeals rejected petitioner's argument and held that the plain language of Va. Code § 18.2-248 (H)(4) applied to his offense. Jefferson v. Commonwealth, R. No. 2171-12-2, supra. Neither the claim as stated by petitioner nor its resolution by the Virginia appellate court raises any federal implications, and it hence amounts to an issue solely of state law.

Nonetheless, it is apodictic that a district court has a duty to construe pleadings by pro se litigants liberally. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). So construed, petitioner's exhausted claim might be broadly read to challenge the sufficiency of the evidence used to convict him. If so, and even if such an argument could be deemed to have been exhausted on direct appeal, it fails in substance. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v.

<u>Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981), and must restrict its determination solely to whether the trier of fact made a rational decision to convict. <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

Here, the Virginia court clearly made a rational decision to convict petitioner under Va. Code § 18.2-248(H)(4). As the Court of Appeals explained:

> On appeal the defendant contends he should have been charged under Code §18.2-248.1, which specifically addresses marijuana, as opposed to Code §18.2-248, which pertains to controlled substances.
>
> The defendant argues that he cannot be convicted under Code § 18.2-248(H)(4) because that statute requires proof that he possessed a mixture of marijuana and another substance. The evidence proved he possessed pure marijuana and gave no suggestion of it being mixed with any other substance.
>
> The plain wording of Code § 18.2-248(H)(4) refutes this assertion. The statute proscribes possession with intent to distribute '100 kilograms or more of a mixture or substance containing a detectable amount of marijuana.' (Emphasis added). Marijuana is a substance; pure marijuana by definition contains marijuana.
>
> * * *
>
> The evidence proved the defendant possessed with intent to distribute more than 100 kilograms of marijuana, which is a violation of Code § 18.2-248(H)(4). Accordingly, we affirm his conviction.

<u>Jefferson v. Commonwealth</u>, <u>supra</u>, slip op. at 2-3. Because the foregoing order was the last reasoned state court decision on the claim, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). For the reasons expressed, the Virginia courts' decision that the evidence required affirmance of petitioner's conviction was not contrary to, or an unreasonable

application of, that clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, that same result must be reached here. <u>Williams</u>, 529 U.S. at 412-13.

### VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this _8th_ day of _March_ 2016.

                                                     /s/
                                    Gerald Bruce Lee
                                    United States District Judge

Alexandria, Virginia